**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MARIIA HUBCHAK, and | ) | |
| TAMARA IVANYK, | ) | |
| Individually and as Co-Administrators | ) | |
| of the Estate of Khvicha Gogoladze, | ) | |
| Deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) | **Plaintiffs Demand a Jury Trial** |
| FEDERAL EXPRESS CORPORATION, | ) | |
| FEDEX CORPORATION, | ) | |
| FEDEX FREIGHT, INC., | ) | |
| FEDEX FREIGHT CORPORATION, | ) | |
| FEDEX FREIGHT SYSTEM, INC., | ) | |
| FLAMINGO TRUCKING INC., and | ) | |
| S&G LOGISTIC CORP., and | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

NOW COME the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, individually and as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, by and through their attorneys, Levinson and Stefani, and complaining of the Defendants, FedEx Ground Package System, Inc., Federal Express Corporation, FedEx Corporation, FedEx Freight, Inc., FedEx Freight Corporation, FedEx Freight System, Inc., Flamingo Trucking Inc., and S&G Logistic Corp., state as follows:

## <u>Venue and Jurisdiction</u>

1.      The Plaintiffs reside in and are citizens of the State of New York.

Plaintiffs' Original Complaint                                           Page 1 of 62

2.      Letters of administration for the Estate of Khvicha Gogoladze were granted pursuant to a decree entered by the Kings County Surrogate's Court in the State of New York, naming the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze.

3.      The Defendant, FedEx Ground Package System, Inc. ("FedEx Ground"), is a corporation incorporated under the laws of the State of Delaware, has its principal place of business in the State of Pennsylvania, and is a citizen of the State of Delaware and the State of Pennsylvania.

4.      The Defendant, Federal Express Corporation ("Federal Express"), is a corporation incorporated under the laws of the State of Delaware, has its principal place of business in the State of Tennessee, and is a citizen of the State of Delaware and the State of Tennessee.

5.      The Defendant, FedEx Corporation ("FedEx"), is a corporation incorporated under the laws of the State of Delaware, has its principal place of business in the State of Tennessee, and is a citizen of the State of Delaware and the State of Tennessee.

6.      The Defendant, FedEx Freight, Inc. ("FedEx Freight"), is a corporation incorporated under the laws of the State of Arkansas, has its principal place of business in the State of Tennessee, and is a citizen of the State of Arkansas and the State of Tennessee.

7.      The Defendant, FedEx Freight Corporation ("FedEx Freight Corp."), is a corporation incorporated under the laws of the State of Delaware, has its principal place of

business in the State of Tennessee, and is a citizen of the State of Delaware and the State of Tennessee.

8.      The Defendant, FedEx Freight System, Inc. ("FedEx Freight System"), is a corporation incorporated under the laws of the State of Delaware, has its principal place of business in the State of Arkansas, and is a citizen of the State of Delaware and Arkansas.

9.      The Defendant, Flamingo Trucking Inc. ("Flamingo"), is a corporation incorporated under the laws of the State of New Jersey, has its principal place of business in the State of New Jersey, and is a citizen of the State of New Jersey.

10.     The Defendant, S&G Logistic Corp. ("S&G"), is a corporation incorporated under the laws of the State of New Jersey, has its principal place of business in the State of New Jersey, and is a citizen of the State of New Jersey.

11.     Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00.

12.     This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**Facts Common to All Counts**

14.   At all relevant times herein, Ivan Koudla ("Koudla") was a professional truck driver acting as an employee, agent, and/or servant of Defendant FedEx Ground.

15.   At all relevant times herein, Koudla was a professional truck driver acting as an employee, agent, and/or servant Defendant Federal Express.

16.   At all relevant times herein, Koudla was a professional truck driver acting as an employee, agent, and/or servant Defendant FedEx.

17.   At all relevant times herein, Koudla was a professional truck driver acting as an employee, agent, and/or servant Defendant FedEx Freight.

18.   At all relevant times herein, Koudla was a professional truck driver acting as an employee, agent, and/or servant Defendant FedEx Freight Corp.

19.   At all relevant times herein, Koudla was a professional truck driver acting as an employee, agent, and/or servant Defendant FedEx Freight System.

20.   At all relevant times herein, Koudla was a professional truck driver acting as an employee, agent, and/or servant of Flamingo.

21.   At all relevant times herein, Koudla was a professional truck driver acting as an employee, agent, and/or servant of S&G.

22.   At all relevant times herein, Koudla was a professional commercial motor vehicle driver subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

23.   At all relevant times herein, Defendant FedEx Ground was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

24.   At all relevant times herein, Defendant Federal Express was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

25.   At all relevant times herein, Defendant FedEx was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

26.   At all relevant times herein, Defendant FedEx Freight was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

27.     At all relevant times herein, Defendant FedEx Freight Corp. was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

28.     At all relevant times herein, Defendant FedEx Freight System was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

29.     At all relevant times herein, Defendant Flamingo was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

30.     At all relevant times herein, Defendant S&G was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

31.     On or about February 25, 2017, Koudla was driving a 2013 Volvo TT Semi Truck, US DOT number 265752 (hereinafter, "Semi Truck"), traveling eastbound on US Interstate 70 at or near milepost 135, in the Township of Martinsville, County of Clark, State of Illinois.

32.     At all relevant times herein, Koudla was disqualified to operate a commercial motor vehicle, including the Semi Truck, because his commercial driver's license was suspended in California.

33.     At the aforementioned time and place, Defendant FedEx Ground was the owner and/or operator of the Semi Truck being driven by Koudla.

34.     At the aforementioned time and place, Defendant Federal Express was the owner and/or operator of the Semi Truck being driven by Defendant, Koudla.

35.     At the aforementioned time and place, Defendant FedEx was the owner and/or operator of the Semi Truck being driven by Defendant, Koudla.

36.     At the aforementioned time and place, Defendant FedEx Freight was the owner and/or operator of the Semi Truck being driven by Defendant, Koudla.

37.     At the aforementioned time and place, Defendant FedEx Freight Corp. was the owner and/or operator of the Semi Truck being driven by Defendant, Koudla.

38.     At the aforementioned time and place, Defendant FedEx Freight System was the owner and/or operator of the Semi Truck being driven by Defendant, Koudla.

39.     At the aforementioned time and place, Defendant Flamingo was the owner and/or operator of the Semi Truck being driven by Defendant, Koudla.

40.     At the aforementioned time and place, Defendant S&G was the owner and/or operator of the Semi Truck being driven by Defendant, Koudla.

41.     At the aforementioned time and place, Khvicha Gogoladze was a passenger of the Semi Truck being driven by Koudla.

42.     At all relevant times herein, Khvicha Gogoladze was exercising all due care for his own safety.

43.     At all relevant times herein, Khvicha Gogoladze was not in the scope of employment nor was he acting on behalf of or as an agent of Defendants.

44.     At the aforementioned time and place Koudla struck the rear of the trailer of a tractor-trailer traveling immediately in front of the Semi Truck.

**COUNT I:     Survival Action Against FedEx Ground Package System, Inc.
                (*Respondeat Superior* & Direct Negligence)**

45.     The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

46.     At said time and place, Koudla was operating the Semi Truck under the authority and control of his employer or contractor, Defendant FedEx Ground.

47.     At said time and place, it was the duty of Defendant FedEx Ground, by and through its agent or employee, Koudla, to own, operate, maintain, and control the Semi Truck in

a manner so as not to negligently cause injury to persons lawfully on the public way, including the deceased, Khvicha Gogoladze.

48.     The Defendant, FedEx Ground, had a duty to act reasonably allowing Koudla to operate its Semi Truck, including a duty to promulgate and enforce rules and regulations to ensure that its professional truck drivers, including Koudla, were in compliance with all applicable state and federal laws and regulations.

49.     Notwithstanding the foregoing duties, the Defendant, FedEx Ground, directly and/or by and through its employee, agent, and servant, Koudla, owned, operated, maintained, and controlled its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

   a)     operated the Semi Truck at a speed too great for conditions prevailing;

   b)     failed to keep a proper lookout;

   c)     followed another vehicle too closely;

   d)     failed to avoid a collision with the vehicle immediately in front of it;

   e)     failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

   f)     struck the vehicle immediately in front of it;

g)      failed to properly maintain the Semi Truck, including but not limited to adequate brakes

h)      allowed Koudla to operate the Semi Truck when it knew or should have known that he would not comply with industry standard safety practices;

i)      allowed Koudla to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq*.;

j)      allowed Koudla to operate the Semi Truck in violation of the federal Hours of Service rules;

k)      allowed Koudla to operate the Semi Truck while fatigued;

l)      allowed Koudla to operate the Semi Truck when it knew or should have known his commercial driver's license was suspended;

m)      hired Koudla as a professional truck driver when it knew or should have known he was unqualified and/or unfit;

n)      failed to take reasonable appropriate action in training, monitoring, and/or re-training Koudla to comply with state and federal rules and industry-standard safety practices;

o)      failed to take reasonable and appropriate action in disciplining or re-training

Koudla when it knew or should have known Koudla failed to comply with various rules and regulations or was otherwise unfit to be operating the Semi Truck;

p)      failed to remove Koudla from duties after it knew or should have known he was unfit for the job of operating the Semi Truck; and

q)      failed to provide supervision or oversight of Koudla when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

50.    As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Ground, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Ground Package System, Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT II:     Survival Action Against FedEx Ground Package System, Inc. (Negligent Hiring of Flamingo Trucking Inc.)**

51.     The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

52.     At all times relevant herein, Defendant FedEx Ground contracted with and employed Flamingo to provide FedEx Ground with professional truck drivers.

53.     At all times relevant herein, Defendant FedEx Ground had a duty to reasonably ensure any entities supplying FedEx Ground with professional truck drivers, including Flamingo, provided FedEx Ground with qualified professional truck drivers.

54.     Notwithstanding the foregoing duties, the Defendant, FedEx Ground, was negligent in one or more of the following ways:

    a)      contracted with and hired Flamingo when it knew or should have known Flamingo would provide unqualified professional truck drivers, including Koudla;

    b)      failed to qualify any professional truck drivers provided by Flamingo, including Koudla; and

    c)      failed to evaluate or verify the qualifications of any professional truck drivers provided by Flamingo, including Koudla.

55.     As direct and proximate result of one or more of the foregoing acts of negligence, the

Semi Truck owned by Defendant FedEx Ground, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as  pray for judgment against the Defendant, FedEx Ground Package System, Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT III:    Survival Action Against FedEx Ground Package System, Inc. (Negligent Hiring of S&G Logistic Corp.)**

56.     The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

57.     At all times relevant herein, Defendant FedEx Ground contracted with and employed S&G to provide FedEx Ground with professional truck drivers.

58.     At all times relevant herein, Defendant FedEx Ground had a duty to reasonably ensure any entities supplying FedEx Ground with professional truck drivers, including S&G, provided FedEx Ground with qualified professional truck drivers.

59.     Notwithstanding the foregoing duties, the Defendant, FedEx Ground, was negligent in

one or more of the following ways:

a)      contracted with and hired S&G when it knew or should have known S&G would provide unqualified professional truck drivers, including Koudla;

b)      failed to qualify any professional truck drivers provided by S&G, including Koudla; and

c)      failed to evaluate or verify the qualifications of any professional truck drivers provided by S&G, including Koudla.

60.    As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Ground, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Ground Package System, Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT IV:    Wrongful Death Against FedEx Ground Package System, Inc.

61.    The Plaintiffs hereby adopt and re-allege paragraphs 1-60 as though fully set forth

herein.

62.   At all relevant times herein, there was in full force an effect a statute known as the Illinois Wrongful Death Act, codified at 740 ILCS 180/1 *et seq.*

63.   As a direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Defendant FedEx Ground, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries resulting in his death.

64.   As a result of the death of Khvicha Gogoladze, Plaintiffs and other beneficiaries of the decedent have suffered pecuniary injuries, including but not limited to damages for grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, FedEx Ground Package System, Inc., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT V:   Survival Action Against Federal Express Corporation (*Respondeat Superior* & Direct Negligence)

65.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

66.   At said time and place, Koudla was operating the Semi Truck under the authority and control of his employer or contractor, Defendant Federal Express.

67.   At said time and place, it was the duty of Defendant Federal Express, by and through its agent or employee, Koudla, to own, operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the deceased, Khvicha Gogoladze.

68.   The Defendant, Federal Express, had a duty to act reasonably allowing Koudla to operate its Semi Truck, including a duty to promulgate and enforce rules and regulations to ensure that its professional truck drivers, including Koudla, were in compliance with all applicable state and federal laws and regulations.

69.   Notwithstanding the foregoing duties, the Defendant, Federal Express, directly and/or by and through its employee, agent, and servant, Koudla, owned, operated, maintained, and controlled its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

a)   operated the Semi Truck at a speed too great for conditions prevailing;

b)   failed to keep a proper lookout;

c)   followed another vehicle too closely;

d)   failed to avoid a collision with the vehicle immediately in front of it;

e)   failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

f)      struck the vehicle immediately in front of it;

g)      failed to properly maintain the Semi Truck, including but not limited to adequate brakes

h)      allowed Koudla to operate the Semi Truck when it knew or should have known that he would not comply with industry standard safety practices;

i)      allowed Koudla to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

j)      allowed Koudla to operate the Semi Truck in violation of the federal Hours of Service rules;

k)      allowed Koudla to operate the Semi Truck while fatigued;

l)      allowed Koudla to operate the Semi Truck when it knew or should have known his commercial driver's license was suspended;

m)      hired Koudla as a professional truck driver when it knew or should have known he was unqualified and/or unfit;

n)      failed to take reasonable appropriate action in training, monitoring, and/or re-training Koudla to comply with state and federal rules and industry-standard

safety practices;

o)      failed to take reasonable and appropriate action in disciplining or re-training Koudla when it knew or should have known Koudla failed to comply with various rules and regulations or was otherwise unfit to be operating the Semi Truck;

p)      failed to remove Koudla from duties after it knew or should have known he was unfit for the job of operating the Semi Truck; and

q)      failed to provide supervision or oversight of Koudla when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

70.     As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant Federal Express, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, Federal Express Corporation, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT VI:    Survival Action Against Federal Express Corporation (Negligent Hiring of Flamingo Trucking Inc.)**

71.    The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

72.    At all times relevant herein, Defendant Federal Express contracted with and employed Flamingo to provide Federal Express with professional truck drivers.

73.    At all times relevant herein, Defendant Federal Express had a duty to reasonably ensure any entities supplying Federal Express with professional truck drivers, including Flamingo, provided Federal Express with qualified professional truck drivers.

74.    Notwithstanding the foregoing duties, the Defendant, Federal Express, was negligent in one or more of the following ways:

    a)    contracted with and hired Flamingo when it knew or should have known Flamingo would provide unqualified professional truck drivers, including Koudla;

    b)    failed to qualify any professional truck drivers provided by Flamingo, including Koudla; and

    c)    failed to evaluate or verify the qualifications of any professional truck drivers provided by Flamingo, including Koudla.

75.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant Federal Express, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as  pray for judgment against the Defendant, Federal Express Corporation, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT VII:   Survival Action Against Federal Express Corporation (Negligent Hiring of S&G Logistic Corp.)**

76.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

77.   At all times relevant herein, Defendant Federal Express contracted with and employed S&G to provide Federal Express with professional truck drivers.

78.   At all times relevant herein, Defendant Federal Express had a duty to reasonably ensure any entities supplying Federal Express with professional truck drivers, including S&G, provided Federal Express with qualified professional truck drivers.

79.   Notwithstanding the foregoing duties, the Defendant, Federal Express, was negligent in one or more of the following ways:

    a)    contracted with and hired S&G when it knew or should have known S&G would provide unqualified professional truck drivers, including Koudla;

    b)    failed to qualify any professional truck drivers provided by S&G, including Koudla; and

    c)    failed to evaluate or verify the qualifications of any professional truck drivers provided by S&G, including Koudla.

80.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant Federal Express, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, Federal Express Corporation, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT VIII:  Wrongful Death Against Federal Express Corporation**

81.     The Plaintiffs hereby adopt and re-allege paragraphs 1-44 and 65-80 as though fully set forth herein.

82.     At all relevant times herein, there was in full force an effect a statute known as the Illinois Wrongful Death Act, codified at 740 ILCS 180/1 *et seq.*

83.     As a direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Defendant Federal Express, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries resulting in his death.

84.     As a result of the death of Khvicha Gogoladze, Plaintiffs and other beneficiaries of the decedent have suffered pecuniary injuries, including but not limited to damages for grief, sorrow, and mental suffering.

        WHEREFORE, the Plaintiffs pray for judgment against the Defendant, Federal Express Corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT IX:   Survival Action Against FedEx Corporation (*Respondeat Superior* & Direct Negligence)**

85.     The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

86.     At said time and place, Koudla was operating the Semi Truck under the authority and

control of his employer or contractor, Defendant FedEx.

87.    At said time and place, it was the duty of Defendant FedEx, by and through its agent
       or employee, Koudla, to own, operate, maintain, and control the Semi Truck in a
       manner so as not to negligently cause injury to persons lawfully on the public way,
       including the deceased, Khvicha Gogoladze.

88.    The Defendant, FedEx, had a duty to act reasonably allowing Koudla to operate its
       Semi Truck, including a duty to promulgate and enforce rules and regulations to
       ensure that its professional truck drivers, including Koudla, were in compliance with
       all applicable state and federal laws and regulations.

89.    Notwithstanding the foregoing duties, the Defendant, FedEx, directly and/or by and
       through its employee, agent, and servant, Koudla, owned, operated, maintained, and
       controlled its Semi Truck in a dangerous and negligent manner in one or more of the
       following ways:

       a)     operated the Semi Truck at a speed too great for conditions prevailing;

       b)     failed to keep a proper lookout;

       c)     followed another vehicle too closely;

       d)     failed to avoid a collision with the vehicle immediately in front of it;

       e)     failed to slow or stop the Semi Truck when danger to the Plaintiff was

imminent;

f)      struck the vehicle immediately in front of it;

g)      failed to properly maintain the Semi Truck, including but not limited to adequate brakes

h)      allowed Koudla to operate the Semi Truck when it knew or should have known that he would not comply with industry standard safety practices;

i)      allowed Koudla to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq*.;

j)      allowed Koudla to operate the Semi Truck in violation of the federal Hours of Service rules;

k)      allowed Koudla to operate the Semi Truck while fatigued;

l)      allowed Koudla to operate the Semi Truck when it knew or should have known his commercial driver's license was suspended;

m)      hired Koudla as a professional truck driver when it knew or should have known he was unqualified and/or unfit;

n)      failed to take reasonable appropriate action in training, monitoring, and/or re-

training Koudla to comply with state and federal rules and industry-standard safety practices;

o)    failed to take reasonable and appropriate action in disciplining or re-training Koudla when it knew or should have known Koudla failed to comply with various rules and regulations or was otherwise unfit to be operating the Semi Truck;

p)    failed to remove Koudla from duties after it knew or should have known he was unfit for the job of operating the Semi Truck; and

q)    failed to provide supervision or oversight of Koudla when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

90.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Corporation, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT X:     Survival Action Against FedEx Corporation (Negligent Hiring of Flamingo Trucking Inc.)**

91.     The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

92.     At all times relevant herein, Defendant FedEx contracted with and employed Flamingo to provide FedEx with professional truck drivers.

93.     At all times relevant herein, Defendant FedEx had a duty to reasonably ensure any entities supplying FedEx with professional truck drivers, including Flamingo, provided FedEx with qualified professional truck drivers.

94.     Notwithstanding the foregoing duties, the Defendant, FedEx, was negligent in one or more of the following ways:

    a)     contracted with and hired Flamingo when it knew or should have known Flamingo would provide unqualified professional truck drivers, including Koudla;

    b)     failed to qualify any professional truck drivers provided by Flamingo, including Koudla; and

    c)     failed to evaluate or verify the qualifications of any professional truck drivers provided by Flamingo, including Koudla.

95.     As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as  pray for judgment against the Defendant, FedEx Corporation, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT XI:   Survival Action Against FedEx Corporation (Negligent Hiring of S&G Logistic Corp.)**

96.     The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

97.     At all times relevant herein, Defendant FedEx contracted with and employed S&G to provide FedEx Ground with professional truck drivers.

98.     At all times relevant herein, Defendant FedEx had a duty to reasonably ensure any entities supplying FedEx with professional truck drivers, including S&G, provided FedEx with qualified professional truck drivers.

99.     Notwithstanding the foregoing duties, the Defendant, FedEx, was negligent in one or

more of the following ways:

a)      contracted with and hired S&G when it knew or should have known S&G would provide unqualified professional truck drivers, including Koudla;

b)      failed to qualify any professional truck drivers provided by S&G, including Koudla; and

c)      failed to evaluate or verify the qualifications of any professional truck drivers provided by S&G, including Koudla.

100.    As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Corporation, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT XII:   Wrongful Death Against FedEx Corporation

101.    The Plaintiffs hereby adopt and re-allege paragraphs 1-44 and 85-100 as though fully set forth herein.

102.   At all relevant times herein, there was in full force an effect a statute known as the Illinois Wrongful Death Act, codified at 740 ILCS 180/1 *et seq.*

103.   As a direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Defendant FedEx, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries resulting in his death.

104.   As a result of the death of Khvicha Gogoladze, Plaintiffs and other beneficiaries of the decedent have suffered pecuniary injuries, including but not limited to damages for grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, FedEx Corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT XIII: Survival Action Against FedEx Freight, Inc. (*Respondeat Superior* & Direct Negligence)

105.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

106.   At said time and place, Koudla was operating the Semi Truck under the authority and control of his employer or contractor, Defendant FedEx Freight.

107.   At said time and place, it was the duty of Defendant FedEx Freight, by and through its agent or employee, Koudla, to own, operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the deceased, Khvicha Gogoladze.

108.   The Defendant, FedEx Freight, had a duty to act reasonably allowing Koudla to operate its Semi Truck, including a duty to promulgate and enforce rules and regulations to ensure that its professional truck drivers, including Koudla, were in compliance with all applicable state and federal laws and regulations.

109.   Notwithstanding the foregoing duties, the Defendant, FedEx Freight, directly and/or by and through its employee, agent, and servant, Koudla, owned, operated, maintained, and controlled its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a)   operated the Semi Truck at a speed too great for conditions prevailing;

    b)   failed to keep a proper lookout;

    c)   followed another vehicle too closely;

    d)   failed to avoid a collision with the vehicle immediately in front of it;

    e)   failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

f)      struck the vehicle immediately in front of it;

g)      failed to properly maintain the Semi Truck, including but not limited to adequate brakes

h)      allowed Koudla to operate the Semi Truck when it knew or should have known that he would not comply with industry standard safety practices;

i)      allowed Koudla to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq*.;

j)      allowed Koudla to operate the Semi Truck in violation of the federal Hours of Service rules;

k)      allowed Koudla to operate the Semi Truck while fatigued;

l)      allowed Koudla to operate the Semi Truck when it knew or should have known his commercial driver's license was suspended;

m)      hired Koudla as a professional truck driver when it knew or should have known he was unqualified and/or unfit;

n)      failed to take reasonable appropriate action in training, monitoring, and/or re-training Koudla to comply with state and federal rules and industry-standard safety practices;

o)    failed to take reasonable and appropriate action in disciplining or re-training Koudla when it knew or should have known Koudla failed to comply with various rules and regulations or was otherwise unfit to be operating the Semi Truck;

p)    failed to remove Koudla from duties after it knew or should have known he was unfit for the job of operating the Semi Truck; and

q)    failed to provide supervision or oversight of Koudla when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

110.    As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Freight, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Freight, Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT XIV:  Survival Action Against FedEx Freight, Inc. (Negligent Hiring of Flamingo Trucking Inc.)**

111.    The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

112.    At all times relevant herein, Defendant FedEx Freight contracted with and employed Flamingo to provide FedEx Freight with professional truck drivers.

113.    At all times relevant herein, Defendant FedEx Freight had a duty to reasonably ensure any entities supplying FedEx Freight with professional truck drivers, including Flamingo, provided FedEx Freight with qualified professional truck drivers.

114.    Notwithstanding the foregoing duties, the Defendant, FedEx Freight, was negligent in one or more of the following ways:

   a)     contracted with and hired Flamingo when it knew or should have known Flamingo would provide unqualified professional truck drivers, including Koudla;

   b)     failed to qualify any professional truck drivers provided by Flamingo, including Koudla; and

   c)     failed to evaluate or verify the qualifications of any professional truck drivers provided by Flamingo, including Koudla.

115.    As direct and proximate result of one or more of the foregoing acts of negligence, the

Semi Truck owned by Defendant FedEx Freight, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as  pray for judgment against the Defendant, FedEx Freight, Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT XV:  Survival Action Against FedEx Freight, Inc. (Negligent Hiring of S&G Logistic Corp.)

116.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

117.   At all times relevant herein, Defendant FedEx Freight contracted with and employed S&G to provide FedEx Freight with professional truck drivers.

118.   At all times relevant herein, Defendant FedEx Freight had a duty to reasonably ensure any entities supplying FedEx Freight with professional truck drivers, including S&G, provided FedEx Freight with qualified professional truck drivers.

119.   Notwithstanding the foregoing duties, the Defendant, FedEx Freight, was negligent in one or more of the following ways:

d)    contracted with and hired S&G when it knew or should have known S&G would provide unqualified professional truck drivers, including Koudla;

e)    failed to qualify any professional truck drivers provided by S&G, including Koudla; and

f)    failed to evaluate or verify the qualifications of any professional truck drivers provided by S&G, including Koudla.

120.    As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Freight, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Freight, Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT XVI:  Wrongful Death Against FedEx Freight, Inc.**

121.    The Plaintiffs hereby adopt and re-allege paragraphs 1-44 and 105-120 as though fully set forth herein.

122. At all relevant times herein, there was in full force an effect a statute known as the Illinois Wrongful Death Act, codified at 740 ILCS 180/1 *et seq*.

123. As a direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Defendant FedEx Freight, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries resulting in his death.

124. As a result of the death of Khvicha Gogoladze, Plaintiffs and other beneficiaries of the decedent have suffered pecuniary injuries, including but not limited to damages for grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, FedEx Freight, Inc., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT XVII: Survival Action Against FedEx Freight Corporation (*Respondeat Superior* & Direct Negligence)**

125. The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

126. At said time and place, Koudla was operating the Semi Truck under the authority and control of his employer or contractor, Defendant FedEx Freight Corp.

127. At said time and place, it was the duty of Defendant FedEx Freight Corp., by and

through its agent or employee, Koudla, to own, operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the deceased, Khvicha Gogoladze.

128.   The Defendant, FedEx Freight Corp., had a duty to act reasonably allowing Koudla to operate its Semi Truck, including a duty to promulgate and enforce rules and regulations to ensure that its professional truck drivers, including Koudla, were in compliance with all applicable state and federal laws and regulations.

129.   Notwithstanding the foregoing duties, the Defendant, FedEx Freight Corp., directly and/or by and through its employee, agent, and servant, Koudla, owned, operated, maintained, and controlled its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

   a)     operated the Semi Truck at a speed too great for conditions prevailing;

   b)     failed to keep a proper lookout;

   c)     followed another vehicle too closely;

   d)     failed to avoid a collision with the vehicle immediately in front of it;

   e)     failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

   f)     struck the vehicle immediately in front of it;

g)      failed to properly maintain the Semi Truck, including but not limited to adequate brakes

h)      allowed Koudla to operate the Semi Truck when it knew or should have known that he would not comply with industry standard safety practices;

i)      allowed Koudla to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

j)      allowed Koudla to operate the Semi Truck in violation of the federal Hours of Service rules;

k)      allowed Koudla to operate the Semi Truck while fatigued;

l)      allowed Koudla to operate the Semi Truck when it knew or should have known his commercial driver's license was suspended;

m)      hired Koudla as a professional truck driver when it knew or should have known he was unqualified and/or unfit;

n)      failed to take reasonable appropriate action in training, monitoring, and/or re-training Koudla to comply with state and federal rules and industry-standard safety practices;

o)      failed to take reasonable and appropriate action in disciplining or re-training Koudla when it knew or should have known Koudla failed to comply with various rules and regulations or was otherwise unfit to be operating the Semi Truck;

p)      failed to remove Koudla from duties after it knew or should have known he was unfit for the job of operating the Semi Truck; and

q)      failed to provide supervision or oversight of Koudla when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

130.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Freight Corp., and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Freight Corporation, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT XVIII:Survival Action Against FedEx Freight Corporation (Negligent Hiring of Flamingo Trucking Inc.)**

131.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

132.   At all times relevant herein, Defendant FedEx Freight Corp. contracted with and employed Flamingo to provide FedEx Freight Corp. with professional truck drivers.

133.   At all times relevant herein, Defendant FedEx Freight Corp. had a duty to reasonably ensure any entities supplying FedEx Freight Corp. with professional truck drivers, including Flamingo, provided FedEx Freight Corp. with qualified professional truck drivers.

134.   Notwithstanding the foregoing duties, the Defendant, FedEx Freight Corp., was negligent in one or more of the following ways:

   a)     contracted with and hired Flamingo when it knew or should have known Flamingo would provide unqualified professional truck drivers, including Koudla;

   b)     failed to qualify any professional truck drivers provided by Flamingo, including Koudla; and

   c)     failed to evaluate or verify the qualifications of any professional truck drivers provided by Flamingo, including Koudla.

135.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Freight Corp., and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Freight Corporation, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

### COUNT XIX:  Survival Action Against FedEx Freight Corporation (Negligent Hiring of S&G Logistic Corp.)

136.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

137.   At all times relevant herein, Defendant FedEx Freight Corp. contracted with and employed S&G to provide FedEx Freight Corp. with professional truck drivers.

138.   At all times relevant herein, Defendant FedEx Freight Corp. had a duty to reasonably ensure any entities supplying FedEx Freight Corp. with professional truck drivers, including S&G, provided FedEx Freight Corp. with qualified professional truck drivers.

139.   Notwithstanding the foregoing duties, the Defendant, FedEx Freight Corp., was negligent in one or more of the following ways:

a)   contracted with and hired S&G when it knew or should have known S&G would provide unqualified professional truck drivers, including Koudla;

b)   failed to qualify any professional truck drivers provided by S&G, including Koudla; and

c)   failed to evaluate or verify the qualifications of any professional truck drivers provided by S&G, including Koudla.

140.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Freight Corp., and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Freight Corporation, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT XX:   Wrongful Death Against FedEx Freight Corporation**

141.   The Plaintiffs hereby adopt and re-allege paragraphs 1-44 and 125-140 as though fully set forth herein.

142.   At all relevant times herein, there was in full force an effect a statute known as the Illinois Wrongful Death Act, codified at 740 ILCS 180/1 *et seq.*

143.   As a direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Defendant FedEx Freight Corp., and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries resulting in his death.

144.   As a result of the death of Khvicha Gogoladze, Plaintiffs and other beneficiaries of the decedent have suffered pecuniary injuries, including but not limited to damages for grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, FedEx Freight Corporation, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT XXI: Survival Action Against FedEx Freight System, Inc. (*Respondeat Superior* & Direct Negligence)**

145.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

146.    At said time and place, Koudla was operating the Semi Truck under the authority and control of his employer or contractor, Defendant FedEx Freight System.

147.    At said time and place, it was the duty of Defendant FedEx Freight System, by and through its agent or employee, Koudla, to own, operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the deceased, Khvicha Gogoladze.

148.    The Defendant, FedEx Freight System, had a duty to act reasonably allowing Koudla to operate its Semi Truck, including a duty to promulgate and enforce rules and regulations to ensure that its professional truck drivers, including Koudla, were in compliance with all applicable state and federal laws and regulations.

149.    Notwithstanding the foregoing duties, the Defendant, FedEx Freight System, directly and/or by and through its employee, agent, and servant, Koudla, owned, operated, maintained, and controlled its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a)    operated the Semi Truck at a speed too great for conditions prevailing;

    b)    failed to keep a proper lookout;

    c)    followed another vehicle too closely;

    d)    failed to avoid a collision with the vehicle immediately in front of it;

e)      failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

f)      struck the vehicle immediately in front of it;

g)      failed to properly maintain the Semi Truck, including but not limited to adequate brakes

h)      allowed Koudla to operate the Semi Truck when it knew or should have known that he would not comply with industry standard safety practices;

i)      allowed Koudla to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

j)      allowed Koudla to operate the Semi Truck in violation of the federal Hours of Service rules;

k)      allowed Koudla to operate the Semi Truck while fatigued;

l)      allowed Koudla to operate the Semi Truck when it knew or should have known his commercial driver's license was suspended;

m)      hired Koudla as a professional truck driver when it knew or should have known he was unqualified and/or unfit;

n)   failed to take reasonable appropriate action in training, monitoring, and/or re-training Koudla to comply with state and federal rules and industry-standard safety practices;

o)   failed to take reasonable and appropriate action in disciplining or re-training Koudla when it knew or should have known Koudla failed to comply with various rules and regulations or was otherwise unfit to be operating the Semi Truck;

p)   failed to remove Koudla from duties after it knew or should have known he was unfit for the job of operating the Semi Truck; and

q)   failed to provide supervision or oversight of Koudla when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

150.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Freight System, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Freight System, Inc., in an amount necessary to

fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

### COUNT XXII: Survival Action Against FedEx Freight System, Inc. (Negligent Hiring of Flamingo Trucking Inc.)

151.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

152.   At all times relevant herein, Defendant FedEx Freight System contracted with and employed Flamingo to provide FedEx Freight System with professional truck drivers.

153.   At all times relevant herein, Defendant FedEx Freight System had a duty to reasonably ensure any entities supplying FedEx Freight System with professional truck drivers, including Flamingo, provided FedEx Freight System with qualified professional truck drivers.

154.   Notwithstanding the foregoing duties, the Defendant, FedEx Freight System, was negligent in one or more of the following ways:

   a)   contracted with and hired Flamingo when it knew or should have known Flamingo would provide unqualified professional truck drivers, including Koudla;

   b)   failed to qualify any professional truck drivers provided by Flamingo, including Koudla; and

    c)     failed to evaluate or verify the qualifications of any professional truck drivers provided by Flamingo, including Koudla.

155.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Freight System, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

     WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as  pray for judgment against the Defendant, FedEx Freight System, Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

### COUNT XXIII: Survival Action Against FedEx Freight System, Inc. (Negligent Hiring of S&G Logistic Corp.)

156.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

157.   At all times relevant herein, Defendant FedEx Freight System contracted with and employed S&G to provide FedEx Freight System with professional truck drivers.

158.   At all times relevant herein, Defendant FedEx Freight System had a duty to reasonably ensure any entities supplying FedEx Freight System with professional truck drivers, including S&G, provided FedEx Freight System with qualified professional truck drivers.

159.   Notwithstanding the foregoing duties, the Defendant, FedEx Freight System, was negligent in one or more of the following ways:

   a)   contracted with and hired S&G when it knew or should have known S&G would provide unqualified professional truck drivers, including Koudla;

   b)   failed to qualify any professional truck drivers provided by S&G, including Koudla; and

   c)   failed to evaluate or verify the qualifications of any professional truck drivers provided by S&G, including Koudla.

160.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant FedEx Freight System, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

   WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and

Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, FedEx Freight System, Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

### COUNT XXIV: Wrongful Death Against FedEx Freight System, Inc.

161.   The Plaintiffs hereby adopt and re-allege paragraphs 1-44 and 145-160 as though fully set forth herein.

162.   At all relevant times herein, there was in full force an effect a statute known as the Illinois Wrongful Death Act, codified at 740 ILCS 180/1 *et seq.*

163.   As a direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Defendant FedEx Freight System, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries resulting in his death.

164.   As a result of the death of Khvicha Gogoladze, Plaintiffs and other beneficiaries of the decedent have suffered pecuniary injuries, including but not limited to damages for grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, FedEx Freight System, Inc., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT XXV: Survival Action Against Flamingo Trucking Inc. (*Respondeat Superior* & Direct Negligence)**

165.    The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

166.    At said time and place, Koudla was operating the Semi Truck under the authority and control of his employer or contractor, Defendant Flamingo.

167.    At said time and place, it was the duty of Defendant Flamingo, by and through its agent or employee, Koudla, to own, operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the deceased, Khvicha Gogoladze.

168.    The Defendant, Flamingo, had a duty to act reasonably allowing Koudla to operate its Semi Truck, including a duty to promulgate and enforce rules and regulations to ensure that its professional truck drivers, including Koudla, were in compliance with all applicable state and federal laws and regulations.

169.    Notwithstanding the foregoing duties, the Defendant, Flamingo, directly and/or by and through its employee, agent, and servant, Koudla, owned, operated, maintained, and controlled its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

    a)      operated the Semi Truck at a speed too great for conditions prevailing;

b)      failed to keep a proper lookout;

c)      followed another vehicle too closely;

d)      failed to avoid a collision with the vehicle immediately in front of it;

e)      failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

f)      struck the vehicle immediately in front of it;

g)      failed to properly maintain the Semi Truck, including but not limited to adequate brakes

h)      allowed Koudla to operate the Semi Truck when it knew or should have known that he would not comply with industry standard safety practices;

i)      allowed Koudla to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq*.;

j)      allowed Koudla to operate the Semi Truck in violation of the federal Hours of Service rules;

k)      allowed Koudla to operate the Semi Truck while fatigued;

l)      allowed Koudla to operate the Semi Truck when it knew or should have known his commercial driver's license was suspended;

m)      hired Koudla as a professional truck driver when it knew or should have known he was unqualified and/or unfit;

n)      failed to take reasonable appropriate action in training, monitoring, and/or re-training Koudla to comply with state and federal rules and industry-standard safety practices;

o)      failed to take reasonable and appropriate action in disciplining or re-training Koudla when it knew or should have known Koudla failed to comply with various rules and regulations or was otherwise unfit to be operating the Semi Truck;

p)      failed to remove Koudla from duties after it knew or should have known he was unfit for the job of operating the Semi Truck; and

q)      failed to provide supervision or oversight of Koudla when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

170.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant Flamingo, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not

limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, Flamingo Trucking Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT XXVI:Survival Action Against Flamingo Trucking Inc. (Negligent Hiring of S&G Logistic Corp.)

171.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

172.   At all times relevant herein, Defendant Flamingo contracted with and employed S&G to provide Flamingo with professional truck drivers.

173.   At all times relevant herein, Defendant Flamingo had a duty to reasonably ensure any entities supplying Flamingo with professional truck drivers, including S&G, provided Flamingo with qualified professional truck drivers.

174.   Notwithstanding the foregoing duties, the Defendant, Flamingo, was negligent in one or more of the following ways:

   a)   contracted with and hired S&G when it knew or should have known S&G would provide unqualified professional truck drivers, including Koudla;

b)      failed to qualify any professional truck drivers provided by S&G, including Koudla; and

c)      failed to evaluate or verify the qualifications of any professional truck drivers provided by S&G, including Koudla.

175.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant Flamingo, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, Flamingo Trucking Inc., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT XXVII: Wrongful Death Against Flamingo Trucking Inc.**

176.   The Plaintiffs hereby adopt and re-allege paragraphs 1-44 and 165-175 as though fully set forth herein.

177.   At all relevant times herein, there was in full force an effect a statute known as the Illinois Wrongful Death Act, codified at 740 ILCS 180/1 *et seq*.

178.   As a direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Defendant Flamingo, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries resulting in his death.

179.   As a result of the death of Khvicha Gogoladze, Plaintiffs and other beneficiaries of the decedent have suffered pecuniary injuries, including but not limited to damages for grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, Flamingo Trucking Inc., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

### COUNT XXVIII: Survival Action Against S&G Logistic Corp. (*Respondeat Superior* & Direct Negligence)

180.   The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

181.   At said time and place, Koudla was operating the Semi Truck under the authority and control of his employer or contractor, Defendant S&G.

182.   At said time and place, it was the duty of Defendant S&G, by and through its agent or employee, Koudla, to own, operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the deceased, Khvicha Gogoladze.

183.   The Defendant, S&G, had a duty to act reasonably allowing Koudla to operate its Semi Truck, including a duty to promulgate and enforce rules and regulations to ensure that its professional truck drivers, including Koudla, were in compliance with all applicable state and federal laws and regulations.

184.   Notwithstanding the foregoing duties, the Defendant, S&G, directly and/or by and through its employee, agent, and servant, Koudla, owned, operated, maintained, and controlled its Semi Truck in a dangerous and negligent manner in one or more of the following ways:

a)      operated the Semi Truck at a speed too great for conditions prevailing;

b)      failed to keep a proper lookout;

c)      followed another vehicle too closely;

d)      failed to avoid a collision with the vehicle immediately in front of it;

e)      failed to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

f)      struck the vehicle immediately in front of it;

g)      failed to properly maintain the Semi Truck, including but not limited to adequate brakes

h)    allowed Koudla to operate the Semi Truck when it knew or should have known that he would not comply with industry standard safety practices;

i)    allowed Koudla to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq*.;

j)    allowed Koudla to operate the Semi Truck in violation of the federal Hours of Service rules;

k)    allowed Koudla to operate the Semi Truck while fatigued;

l)    allowed Koudla to operate the Semi Truck when it knew or should have known his commercial driver's license was suspended;

m)   hired Koudla as a professional truck driver when it knew or should have known he was unqualified and/or unfit;

n)    failed to take reasonable appropriate action in training, monitoring, and/or re-training Koudla to comply with state and federal rules and industry-standard safety practices;

o)    failed to take reasonable and appropriate action in disciplining or re-training Koudla when it knew or should have known Koudla failed to comply with various rules and regulations or was otherwise unfit to be operating the Semi

Truck;

p)      failed to remove Koudla from duties after it knew or should have known he was unfit for the job of operating the Semi Truck; and

q)      failed to provide supervision or oversight of Koudla when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

185.    As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant S&G, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, S&G Logistic Corp., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT XXIX: Survival Action Against S&G Logistic Corp. (Negligent Hiring of Flamingo Trucking Inc.)

186.    The Plaintiffs hereby adopt and re-alleges paragraphs 1-44 as though fully set forth herein.

187.   At all times relevant herein, Defendant S&G contracted with and employed Flamingo to provide S&G with professional truck drivers.

188.   At all times relevant herein, Defendant S&G had a duty to reasonably ensure any entities supplying S&G with professional truck drivers, including Flamingo, provided S&G with qualified professional truck drivers.

189.   Notwithstanding the foregoing duties, the Defendant, S&G, was negligent in one or more of the following ways:

   a)   contracted with and hired Flamingo when it knew or should have known Flamingo would provide unqualified professional truck drivers, including Koudla;

   b)   failed to qualify any professional truck drivers provided by Flamingo, including Koudla; and

   c)   failed to evaluate or verify the qualifications of any professional truck drivers provided by Flamingo, including Koudla.

190.   As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant S&G, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses.

WHEREFORE, pursuant to 755 ILCS 5/27-6, the Plaintiffs, Mariia Hubchak and Tamara Ivanyk, as Co-Administrators of the Estate of Khvicha Gogoladze, deceased, as pray for judgment against the Defendant, S&G Logistic Corp., in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Act, which are in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

### COUNT XXX: Wrongful Death Against S&G Logistic Corp.

191. The Plaintiffs hereby adopt and re-allege paragraphs 1-44 and 180-190 as though fully set forth herein.

192. At all relevant times herein, there was in full force an effect a statute known as the Illinois Wrongful Death Act, codified at 740 ILCS 180/1 *et seq.*

193. As a direct and proximate result of one or more of the foregoing acts of negligence, the vehicle owned by Defendant S&G, and driven by Koudla, violently collided with another motor vehicle, and as a result thereof, the decedent, Khvicha Gogoladze, did suffer serious injuries resulting in his death.

194. As a result of the death of Khvicha Gogoladze, Plaintiffs and other beneficiaries of the decedent have suffered pecuniary injuries, including but not limited to damages for grief, sorrow, and mental suffering.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, S&G Logistic Corp., in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a jury trial on all issues raised in this complaint.

Respectfully submitted,

By:  **/s/ John A. Stefani**

Levinson and Stefani
Attorneys for Plaintiff
230 W. Monroe St., Suite 2210
Chicago, Illinois 60606
(312) 376-3812
jay@levinsonstefani.com
ARDC Number: 6284062