UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARIIA HUBCHAK, *Individually and as Co-Administrator of the Estate of Khvicha Gogoladze, Deceased*, et al.,

    Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC., *et al.*,

    Defendants.

Case No. 3:19-cv-00235-JPG-RJD

## MEMORANDUM AND ORDER

Khvicha Gogoladze was a truck driver for defendant Flamingo Trucking, Inc. One day, Gogoladze went to bed in his truck's sleeper berth and left the driving to his co-employee: Ivan Koudla. But while Gogoladze was asleep, Koudla crashed the truck into another—both trucks then caught on fire, and both men died. Gogoladze's estate has now sued Flamingo and several other defendants, and Flamingo has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 15.)

To avoid dismissal under that rule, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

1

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly.*, 550 U.S. at 556). And as always when reviewing one of these types of motions, the Court must accept as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555 (2007)).

Here, Flamingo makes two short arguments. They first say that the Estate's tort claims against them—respondeat superior, negligence, and negligent hiring—all fail because the Illinois Workers' Compensation Act is the exclusive method of recovery for employees injured in the course of their employment. That statute does have an exclusive remedy provision, which commands that when the statute covers an employee's injury, "no common law or statutory right to compensation is available." 820 ILCS 305/5(a). And it applies even when the employee does not actually claim, elect, or receive worker's compensation. *Peng v. Nardi*, 2017 IL App. 17015526 (1st Dist. 2017).

But even though the statute has that exclusive remedy provision, it is not so clear that it applies to the allegations here. It only applies when employees are injured in the course of their employment. *Dunn v. Peabody Coal Co.*, 855 F. 2d. 426, 428 (7th Cir. 1988). That leads to the much more nuanced question—one that both parties here failed to adequately brief—of whether a trucker sleeping in his truck's sleeper berth is acting in the course of his employment.

There is unfortunately no uniform answer to that: federal regulations govern interstate trucking, *Owner-Operator Indep. Drivers Ass'n, Inc. v. United States Dep't of Transportation*, 840 F.3d 879, 883 (7th Cir. 2016), and the Department of Transportation and Department of Labor give conflicting interpretations. Transportation says that a trucker is not "on-duty" when he is resting in a sleeper berth. 49 C.F.R. § 395.2(4)(ii). Labor, meanwhile, says that truck drivers receive by default up to eight "hours worked" when they are sleeping—but Labor also

says that employers and their truck drivers can agree to the contrary in their employment contracts, if they so choose. 29 C.F.R. § 785.22(a).

So which regulation to go with? There is one way to distinguish the two: "[t]he Department of Transportation regulations aim to make our roads safe, while the Department of Labor regulations aim to provide workers adequate compensation." *Julian v. Swift Transportation Company Inc*., 360 F.Supp.3d 932, 943 (D. Ariz. 2018) (quoting *Browne v. P.A.M. Transp., Inc*., No. 5:16-CV-5366, 2018 WL 5118449, at *5 (W.D. Ark. Oct. 19, 2018)). For that reason, district courts faced with this very same question tend to employ Labor's interpretation: this issue is a matter of worker's compensation, specifically under the Illinois Workers' Compensation Act and how it intertwines with federal regulations like the Department of Labor's. *Id*. To the contrary, Transportation's regulations give no guidance on matters of compensation: the agency even says that their regulations "do not address questions of pay…" and "[t]he fact that a driver is paid for a period of time does not always establish that the driver was on-duty for the purposes of [the agency's regulations] during that period of time." Guidance Q & A, available at https://www.fmcsa.dot.gov/regulations/title49/section/395.2. Labor's regulation is accordingly the one that applies here—not Transportation's.

But that is not the end of the inquiry: although Labor's regulation says that sleeping truck drivers are considered "on-duty" by default, it also says that parties can contract around that. Here—on a motion to dismiss that does not rely on evidence outside the complaint—we have no information as to whether Gogoladze and Flamingo ever had any agreement to that effect. This matter is accordingly not yet ripe for adjudication at this stage—and the Court encourages the parties to brief the issue in-full at the appropriate time.

There is one final issue to address: counsel for Flamingo also represents defendant S&G Logistic Corp., and they argue that the Court should dismiss S&G because it had no involvement with or connection to this accident—specifically because S&G was not a party to the operating agreement between Flamingo and the company they were carrying freight for: defendant FedEx. There are two problems with that. First, we do not have a copy of the operating agreement itself, so the Court cannot adequately consider S&G's argument. Second, the Estate alleges that not only do S&G and Flamingo have the same owners, but S&G also paid Gogoladze. It is very clear that—at least at the motion to dismiss stage—the complaint alleges enough to show that S&G could be implicated in this case, depending on the facts.

## CONCLUSION

For all of the foregoing reasons, the Court **DENIES** Flamingo's and S&G's motion to dismiss. (ECF No. 15.)

**IT IS SO ORDERED.**

**DATED: JULY 31, 2019**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
